1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE

BRADD GUENSER, on his own behalf and
on behalf of all other similarly situated,

                Plaintiff,

     v.

PREMERA BLUE CROSS, a Washington
nonprofit corporation,

                Defendant.

NO.

**COMPLAINT – CLASS ACTION FOR
DAMAGES**

**DEMAND FOR JURY TRIAL**

Plaintiff Bradd Guenser ("Plaintiff"), on his own behalf and on behalf of all others similarly situated ("Class Members"), brings this class action against Premera Blue Cross ("Premera" or "Defendant") and complains and alleges the following upon personal knowledge as to his own experiences, and based upon information and belief as to all other matters:

## I.      INTRODUCTION

1.     Defendant Premera is one of the largest health insurers in the Northwest United States. Plaintiff brings this case as a result of Premera's failure to properly secure and protect its users' sensitive, personally-identifiable information.

2.     On March 17, 2015, Premera publicly disclosed that its information technology systems had been accessed in May 2014 by unauthorized users, resulting in the exposure of the confidential information stored in those systems, including names, dates of birth, emails addresses, physical addresses, telephone numbers, Social Security Numbers, member

COMPLAINT - 1
0099/002/296084.1

identification numbers, bank account information, and medical insurance claim information, including clinical information, dating back to 2002.

3.      Premera's data security in its information technology systems was far below industry standards.  Its data centers lacked access controls and other protocols and procedures to prevent unauthorized physical and/or logical access to Premera's customers' private data.

4.      The U.S. Office of Personnel Management ("OPM") informed Premera its network lacked access controls and its information technology system and network security were vulnerable.  As the Seattle Times reported, "Three weeks before hackers infiltrated Premera Blue Cross, federal auditors warned the company that its network security procedures were inadequate."[1]

5.      Plaintiff and the Class he seeks to represent have been damaged by Premera's conduct, in that they paid more than they would have had they known that Premera would fail to properly secure, as well as misuse, their personal information. Additionally, Plaintiffs and the Class have been damaged because they purchased and used services of a quality different than they were promised and for which they contracted.

6.      Plaintiff brings this action as a class action seeking all appropriate damages and remedies available to him and members of the class proposed herein.

## II.      PARTIES

7.      Plaintiff Bradd Guenser is an individual and, at all relevant times, was a resident of King County, Washington.  Plaintiff is insured through Premera and received notice that he was affected by Premera's data breach.

8.      Defendant Premera Blue Cross is a Washington nonprofit corporation, headquartered in Montlake Terrace, Washington.  It is one of the largest health plans in the Northwest United States and conducts business throughout Washington, Oregon, and Alaska.

---

[1] Mike Baker, *Feds warned Premera about security flaws before breach*, Mar. 18, 2015, http://www.seattletimes.com/business/local-business/feds-warned-premera-about-security-flaws-before-breach/. (last visited Mar. 18, 2015).

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1  Its customers are located throughout the United States.

2  ### III.   JURISDICTION AND VENUE

3       9.     This Court has original subject matter jurisdiction over this Class Action

4  pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2).  Class members and

5  the Defendant are citizens of different states within the meaning of 28 U.S.C. § 1332(d)(2)(A).

6       10.     On information and belief, the proposed Class far exceeds 100 persons.  Premera

7  has estimated eleven million people have been affected by its data breach.  Pursuant to 28

8  U.S.C. § 1332(d)(6), the aggregate amount of the Class members' claims substantially exceeds

9  $5,000,000 and thus exceeds the requisite amount in controversy set forth in 28 U.S.C. §

10  1332(d)(2).

11       11.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) and (b)

12  on the grounds that all or a substantial portion of the acts giving rise to the violations occurred

13  in this judicial district.

14  ### IV.   FACTUAL ALLEGATIONS

15  *Premera Promised to Protect Its Customers' Confidential Information*

16       12.     Premera maintains a Notice of Privacy Practices[2] that states it is "committed to

17  maintaining the confidentiality of your [its customers] medical and financial information…" It

18  further states that Premera is "required by law to protect the privacy of your [its customers]

19  personal information…"[3] Premera's Notice of Privacy Practices also lists how Premera may

20  use and disclose its customers' information.

21  *In April 2014, the United States Office of Personnel Management Warned Premera That Its*
22  *Information Technology Systems Were Vulnerable to Attack Because of Inadequate Security*
   *Precautions*

23       13.     Like many health insurance providers, Premera stores its customers' personal

24  information, including their names, addresses, phone numbers, social security numbers, and

25  

26  [2] Premera Blue Cross Notice of Privacy Practices, https://www.premera.com/wa/visitor/privacy-policy/ (last visited Mar. 18, 2015).
[3] *Id.*

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1   health information on networked computer servers at one or more data centers.

2       14.    However, unlike some other insurance providers' data centers, Premera's data

3   centers lacked certain access controls and other protocols and procedures to prevent

4   unauthorized physical and/or logical access to Premera's customers' private data.

5       15.    The missing access controls included, but were not necessarily limited to, multi-

6   factor authentication and "piggybacking" prevention for physical access to Premera's data

7   center.

8       16.    Premera also failed to maintain adequate network security to prevent and/or

9   monitor unauthorized access to its computer networks, including those on which private

10  customer data was stored.

11      17.    In April 2014, OPM provided Premera with draft findings from its audit of

12  Premera, which, among other things, outlined missing access controls and network security

13  vulnerabilities.

14      18.    For instance, Premera failed to implement software patches, including critical

15  patches, service packs, and hot fixes, in a timely manner, and lacked a methodology for

16  ensuring it did not use unsupported or otherwise out-of-date software. The Federal Information

17  System Controls Audit Manual ("FISCAM") and National Institute of Standards and

18  Technology's Special Publication ("NIST SP") both state that organizations like Premera

19  should frequently scan and update their computer software to detect, correct, and prevent

20  system flaws and vulnerabilities.

21      19.    One or more of Premera's servers contained software applications that were no

22  longer supported by the software's vendors and that had known security vulnerabilities.

23  FISCAM specifically states that organizations such as Premera should have procedures that

24  "ensure only current software releases are installed in information systems. Noncurrent

25  software may be vulnerable to malicious code such as viruses and worms."

26      20.    One or more of Premera's servers were insecurely configured in a manner that

COMPLAINT - 4
0099/002/296084.1

could allow hackers or other unauthorized users to gain access to sensitive and proprietary information. NIST SP 800-53 Revision 4 specifically states that organizations such as Premera must perform scans of their systems for vulnerabilities and then remediate legitimate vulnerabilities.

21.     Premera further failed to develop, document, and maintain a current server operating system baseline configuration, as required by NIST SP 800-53 Revision 4, for one or more of its servers. Without such a baseline configuration, Premera could not effectively audit its server and database security settings. The lack of such a baseline configuration also increased the risk that Premera's systems would not meet various performance and security requirements.

*Unauthorized Users Gained Access to Premera's Information Systems in May 2014*

22.     On or about May 5, 2014, unauthorized users gained access to Premera's information technology systems and the confidential information stored in those systems, including information from insurance applicants; members of other Blue Cross Blue Shield plans who sought treatment in Washington, Oregon, or Alaska; and current and former Premera customers, whom Premera calls "members." That information included names, dates of birth, emails addresses, physical addresses, telephone numbers, Social Security Numbers, member identification numbers, bank account information, and medical insurance claim information, including clinical information, dating back to 2002.

23.     Premera has publicly claimed that it did not discover that unauthorized users had gained access to its information technology systems and the information stored on them until January 29, 2015,[4] nearly eight months after the unauthorized access occurred.

24.     Premera did not publicly disclose that unauthorized users had accessed its information technology systems until March 17, 2015.

25.     Premera has established a website, www.premeraupdate.com, on which it admits

---

[4] Premera Blue Cross, http://www.premeraupdate.com (last visited Mar. 18, 2015).

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

that "Attackers gained unauthorized access to our IT systems and may have accessed the personal information of our members, employees and other people we do business with."[5]

26.     Premera has publicly stated that confidential information from approximately 11 million of its current and former customers may have been compromised. It also stated that six million of those current and former customers are located in the state of Washington.

## V.      FACTS RELATING TO NAMED PLAINTIFF

27.     Plaintiff's insurance coverage through Premera commenced more than three years ago, and he has received insurance coverage from Premera since that time. Plaintiff is a current Premera customer and cardholder.

28.     In applying for and maintaining insurance with Premera, Plaintiff entrusted Premera with his private, confidential information, including his name, date of birth, email addresses, physical address, telephone number, Social Security Number, bank account information, and insurance claim information, including clinical information.

29.     At the time Plaintiff became a customer of Premera, and at all times since, he had a reasonable expectation that Premera would protect his confidential information from unauthorized disclosure. However, Plaintiff received notice from Premera that he was or could be affected by the data breach that is the subject of this suit.

30.     As a result of Premera's misrepresentations and actions, Plaintiff and the Class have suffered injuries including, but not limited to, the following:

a.     Theft of their personal and financial information;

b.     Costs associated with the detection and prevention of identity theft;

c.     Costs associated with time spent and the loss of productivity from taking time to address and attempt to ameliorate, mitigate, and deal with the actual and future consequences of the data breach, and the stress, nuisance, and annoyance of dealing with all issues resulting from the Premera data breach;

---

[5] Id.

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

d.      The imminent and impending injury flowing from potential fraud and identity theft posed by their personal and financial information being placed in the hands of hackers;

e.      Money paid to Premera for health insurance during the period of the Premera data breach, in that Plaintiff and the Class members would not have obtained insurance from Premera had Premera disclosed that it lacked adequate systems and procedures to reasonably safeguard customers' personal and financial information and had Premera provided timely and accurate notice of the Premera data breach;

f.      Overpayments paid to Premera for health insurance purchased during the Premera data breach in that a portion of the price for insurance paid by Plaintiff and the Class to Premera was for the costs of Premera providing reasonable and adequate safeguards and security measures to protect customers' and insureds' personal and financial data, which Premera failed to do, and as a result, Plaintiff and the members of the Class did not receive what they paid for and were overcharged by Premera; and

g.      Continued risk to their personal and financial information, which remains in the possession of Premera and which is subject to further breaches so long as Premera fails to undertake appropriate and adequate measures to protect Plaintiff's and Class members' data in its possession.

## VI.      CLASS ACTION ALLEGATIONS

31.      Plaintiff brings this lawsuit as a class action on his own behalf and all other Premera insureds who are similarly situated as members of a proposed plaintiff class pursuant to CR 23(a) and (b)(3).  This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

32.      The Class that Plaintiff seeks to represent is defined as follows:

> All individuals and entities in the United States whose personal information was compromised as a result of the Premera Blue

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

Cross data breach that occurred somewhere between May 2014 and January 2015.

33.     Excluded from the Class and Subclass are (1) Premera, any entity in which Premera has a controlling interest, and its legal representatives, officers, directors, employees, assigns and successors; and (2) the judge to whom this case is assigned and any member of the judge's immediate family.

**Numerosity of Class and Ascertainability of the Class**

34.     Plaintiff is a representative of all other persons and entities who entrusted their private information to Premera.  The similarly situated consumers are readily identifiable through Premera's own business records, including but not limited to application and enrollment records.

35.     The potential members of the class as defined are so numerous that joinder of all Class Members is impracticable.  Although the precise number of such consumers is unknown, Plaintiff believes that there are millions of class members.

**Typicality**

36.     The claims of Plaintiff are typical of the claims of the Class he seeks to represent.   Plaintiff and Class Members entrusted their personal information to Premera.

37.     The factual bases of Premera's misconduct are common to all Class Members and represent a common thread of misconduct resulting in injury to all members of the Class.

38.     Plaintiff and all Class Members have suffered damages resulting from Premera's wrongful conduct.

**Predominance of Common Questions of Fact and Law**

39.     Questions of law and fact common to the class that predominate over any questions affecting only individual members of the Class, including without limitation and as alleged herein, the following:

        a.     Whether Premera failed to protect its customers' personal information

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

with industry-standard protocols and technology;

     b.     Whether Premera's practices are false, misleading, or reasonably likely to deceive;

     c.     Whether Premera failed to disclose material facts relating to the character and quality of its securities practices;

     d.     Whether Premera's conduct was reckless;

     e.     Whether Premera's conduct constitutes a breach of contract; and

     f.     Whether Premera's conduct was negligent.

40.     Resolution of these questions, which are common to all Class Members, will generate common answers that are likely to drive the resolution of this action.

**Adequacy of Representation**

41.     The Named Plaintiff, Bradd Guenser, will fairly and adequately represent and protect the interests of the Class Members.  The interests of Plaintiff and Plaintiff's counsel are not in conflict with those of the Class Members.  Plaintiff and Plaintiff's counsel will prosecute this action vigorously on behalf of the Class Members.  Plaintiff's counsel are competent and experienced in litigating large class actions and other complex litigation matters, including data breach cases.

**Superiority of Class Action**

42.     Absent class treatment, Plaintiff and Class Members will continue to suffer harm and damages as a result of Premera's unlawful and wrongful conduct.

43.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Without a class action, individual Class Members would face burdensome litigation expenses, deterring them from bringing suit or adequately protecting their rights.  Class Members would continue to incur harm without remedy absent a class action, while Premera would continue to reap the benefits of its misconduct.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

result in inconsistent judgments about the legality of Premera's practices.

## FIRST CAUSE OF ACTION – BREACH OF CONTRACT

44.     Plaintiff realleges and incorporates all previous paragraphs as though fully set forth herein.

45.     Plaintiff and the Class relied upon Premera's representations regarding privacy and data security before purchasing services from Premera.

46.     Plaintiff and the Class entered into a contract for the purchase of services from Premera that included representations by Premera that it took steps to secure customers' private information, including, but not limited to, compliance with federal and state statutes, rules, and regulations governing privacy of information and preventing access to personal information except by employees and business associates.

47.     Premera represented that it was required by law to abide by the terms of its confidentiality policy.

48.     Plaintiff and the Class performed all obligations under the contract, if any, requisite to Premera's performance.

49.     Plaintiff and the Class paid for, but never received, the privacy protections to which they were entitled.  Part of the price of the services they purchased included security and data protection.

50.     Premera's conduct constitutes breach of its contract with Plaintiff and the other Class members.

51.     Plaintiff, on his own behalf and on behalf of all other Class members, seeks an award of damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION – NEGLIGENCE

52.     Plaintiff realleges and incorporates all previous paragraphs as though fully set forth herein.

53.     Premera owed a duty to Plaintiff and the Class to exercise reasonable care in

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1    obtaining, retaining, and safeguarding customers' personal financial information.

2        54.    Premera owed a duty to Plaintiff and the Class to adequately protect its

3    customers' personal and financial information.

4        55.    Premera breached its duties by (1) unreasonably allowing an unauthorized third-

5    party intrusion into its computer systems; (2) failing to reasonably protect against such an

6    intrusion; (3) unreasonably allowing third parties to access the personal and private financial

7    information of its customers; and (4) failing to appropriately monitor its systems to detect

8    unauthorized access.

9        56.    Premera knew or should have known of its duties regarding security of private

10   customer information, as well as the attendant risks of retaining personal and financial data and

11   the importance of providing adequate security.

12       57.    As a direct and proximate result of Premera's careless and negligent conduct,

13   Plaintiff and the Class have suffered damages in an amount to be proven at trial.

14       58.    Plaintiff and the Class expect that financial losses will grow as additional

15   fraudulent use of customer's private information is discovered.

16                **THIRD CAUSE OF ACTION – ACTIONABLE MISREPRESENTATION**

17       59.    Plaintiff realleges and incorporates all previous paragraphs as though fully set

18   forth herein.

19       60.    Premera was required to comply with certain standards for collection and

20   securing of personal private data.  In order to comply with those standards, Premera was

21   required to adequately protect stored data and financial information, to monitor access to that

22   data, and not to disclose that data beyond authorized boundaries.

23       61.    Plaintiff and the Class reasonably relied on the reasonable expectation that

24   Premera, a large health insurance company, would comply with standards governing the

25   collection and securing of private personal data.

26       62.    Premera represented that it did comply with its obligations related to the security

COMPLAINT - 11
0099/002/296084.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1    of personal private data.

2    63.    Premera knew or should have known that it was not in compliance with its

3    obligations to secure customers' personal and financial data.

4    64.    Premera failed to communicate material information to Plaintiff and the Class

5    regarding its non-compliance with its obligations to secure customers' personal and financial

6    data.

7    65.    Premera's failure to inform Plaintiff and Class members that it was not in

8    compliance with its obligations was a material omission, which it should have disclosed to

9    Plaintiff and the Class members.

10   66.    Premera's representation that it was in compliance with its obligations was a

11   material misrepresentation.

12   67.    Premera knew that its data was insecure and continued to misrepresent it was

13   otherwise.

14   68.    Had Premera informed Plaintiff and the Class members of its non-compliance

15   with its obligations to secure customer personal and financial data, Plaintiff and the Class

16   would have been better able to protect themselves from the damages they have incurred and

17   continue to incur.

18   69.    As a direct and proximate result of Premera's negligent and improper conduct,

19   Plaintiff and the Class have suffered damages.

20   **FOURTH CAUSE OF ACTION – FAILURE TO TIMELY DISCLOSE BREACH**
     **UNDER RCW 19.255.010**

21

22   70.    Plaintiff realleges and incorporates all previous paragraphs as though fully set

23   forth herein.

24   71.    Premera is a business that conducts business in the state of Washington and that

25   owns or licenses computerized data that includes personal information, as that term is defined

26   in RCW 19.255.010.

COMPLAINT - 12
0099/002/296084.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

72.     On or about May 5, 2014, unauthorized users gained access to Premera's information technology systems, breaching the security of the information technology system that stored personal information. Premera allowed an unauthorized acquisition of computerized data that compromised the security, confidentiality, or integrity of personal information maintained by Premera.

73.     Premera knew or should have known that the breach occurred, but due to its own negligent monitoring of its information technology systems containing personal information, did not discover the breach until January 29, 2015.

74.     Premera did not notify the persons whose data was breached of the data breach until March 17, 2015.

75.     Premera's failure to disclose the breach of the security of the system storing personal information until more than ten months after the breach occurred, and more than six weeks after the breach was purportedly discovered, constituted unreasonable delay and was not a disclosure in the most expedient time possible.

76.     As a direct and proximate result of Premera's failure to provide reasonably prompt disclosure, Plaintiff and the Class have suffered damages.

WHEREFORE, Plaintiff, on his own behalf and on behalf of all Class Members, seeks the following relief against Premera:

1.     An order certifying this action as a class action under Fed. R. Civ. P. 23, and defining the Class as requested herein;

2.     Damages in an amount according to proof, including actual, compensatory, and consequential damages incurred by Plaintiff and Class Members;

3.     Pre- and post-judgment interest on monetary damages;

4.     An award to Plaintiff and Class Members of reasonable attorneys' fees and costs, to be paid by Premera;

5.     Leave to amend the Complaint to conform to evidence produced at trial; and,

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

6.      An award of such other and further relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury to the extent authorized by law.

DATED this 20th day of March, 2015.

TOUSLEY BRAIN STEPHENS PLLC

By: s/ *Kim D. Stephens*
    Kim D. Stephens, WSBA #11984
    Email:  kstephens@tousley.com

By: s/ *Jason T. Dennett*
    Jason T. Dennett, WSBA #30686
    Email: jdennett@tousley.com

    1700 Seventh Avenue, Suite 2200
    Seattle, WA 98101
    Telephone: (206) 682-5600
    Facsimile: (206) 682-2992

HAUSFELD LLP

James J. Pizzirusso *(pro hac vice pending)*
jpizzirusso@hausfeld.com
Swathi Bojedla *(pro hac vice pending)*
sbojedla@hausfeld.com
1700 K Street, NW Suite 650
Washington, D.C. 20006
Telephone: (202) 540-7200
Facsimile: (202) 540-7201

*Counsel for Plaintiff and all similarly situated persons and entities*

COMPLAINT - 14
0099/002/296084.1